**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DEANNA L. KELSEY,
f/k/a DEANNA L. GIBSON
an individual,

                                           Case No.:

       Plaintiff,

v.

ACHIEVA CREDIT UNION,
a Florida entity,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,
EQUIFAX INFORMATION
SERVICES, LLC,
a foreign limited liability company, and
TRANS UNION, LLC,
a foreign limited liability company,

       Defendants.

_____/

## **COMPLAINT**

      **COMES NOW**, Plaintiff, DEANNA L. KELSEY f/k/a DEANNA L.

GIBSON (hereinafter, "Plaintiff"), by and through the undersigned counsel, and

hereby sues Defendants, ACHIEVA CREDIT UNION (hereinafter, "Achieva"),

EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"),

EQUIFAX INFORMATION SERVICES, LLC (hereinafter, "Equifax"), and

TRANS UNION, LLC (hereinafter, "Transunion") (hereinafter collectively,

"Defendants").  In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.      This is an action brought by an individual consumer for damages for Achieva's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 et seq. (hereinafter, the "FCRA") wherein Achieva improperly credit-reported and subsequently verified objectively-inaccurate information related to a consumer loan account allegedly owed to Achieva on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Experian, Equifax, and Transunion.

2.      More specifically, Achieva failed to perform its duties as required by a contractual agreement entered into between Plaintiff and Achieva, after Achieva agreed that it would delete its reporting of the relevant tradeline account at issue in this case, and after Plaintiff disputed Achieva's reporting of such erroneous information directly to Experian, Equifax, and Transunion.

3.      Furthermore, this is an action for damages for Experian, Equifax, and Transunion's violations of the FCRA wherein Experian, Equifax, and Transunion continued to incorrectly report such account as a derogatory, negative, or adverse account with late payment information, despite Plaintiff's repeated disputes to Experian, Equifax, and Transunion explaining and proving that such account should be promptly deleted from Plaintiff's credit file and credit reports.

## JURISDICTION, VENUE & PARTIES

4.     Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

5.     Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

6.     Venue is proper in this District as the acts and transactions described herein occur in this District.

7.     At all material times herein, Plaintiff is a natural person residing in Citrus County, Florida.

8.     At all material times herein, Achieva is a Florida entity that does business in Florida.

9.     At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10.     At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

11.     At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

3

## FCRA STATUTORY STRUCTURE

12.     Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

13.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

14.     Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

15.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

4

16.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.* at § i(a)(5).

17.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  *Id.* at § s-2(b).

18.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by

the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

19.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

20.     At all material times herein, Plaintiff is an alleged "consumer" or "debtor" as defined by the FCRA, Section 1681a(c) because she is an individual and was allegedly obligated to pay a debt.

21.     At all material times herein, Achieva, itself and through its subsidiaries, regularly services consumer credit and credit-reports information associated with the same in Citrus County, Florida.

22.     At all material times herein, Achieva is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

23.     At all material times herein, Achieva reports information concerning a

closed consumer loan account to Experian, Equifax, and Transunion, including but not limited to, a tradeline account related to a consumer loan, referenced by account number 1745754**** (hereinafter, the "Account").

24.     At all material times herein, Achieva agreed to delete or "bulls-eye" its tradeline reporting of the Account to Experian, Equifax, and Transunion following a mutual, written agreement entered into between Plaintiff and Achieva.

25.     Notwithstanding, Achieva failed to delete or "bulls-eye" its tradeline reporting of the Account to Experian, Equifax, and Transunion, and continued to report the Account as a derogatory, negative, or adverse account on Plaintiff's Experian, Equifax, and Transunion credit reports and in Plaintiff's Experian, Equifax, and Transunion credit files.

26.     At all material times herein, Achieva furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

27.     At all material times herein, Experian, Equifax, and TransUnion are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of

furnishing consumer reports.  Experian, Equifax, and Trans Union each disburse such consumer reports to third parties under contract for monetary compensation.

28.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

29.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

<u>**FACTUAL ALLEGATIONS**</u>

<u>**CREATION AND TERMINATION OF THE DEBT**</u>

30.     In or around September 2014, Plaintiff entered into a contract with Achieva for a consumer loan.

31.     In 2015, Plaintiff initiated a lawsuit against Achieva case styled *Deanna Gibson v. Achieva Credit Union,* In the County Court of the Sixth Judicial Circuit in and For Pinellas County, Florida, Case No. 15-004049-CO ("Lawsuit").

32.     As a result of the Lawsuit, Plaintiff and Achieva entered into a settlement agreement in which Achieva agreed to waive any remaining balance due on the Account (hereinafter, "Settlement Agreement").  A true and correct copy of the redacted Settlement Agreement is attached as **Exhibit A.**

33.     As such, as of March 14, 2016, Plaintiff did not owe any monies to Achieva.

8

## PLAINTIFF'S DISPUTES TO ACHIEVA REGARDING THE ACCOUNT AND ACHIEVA, EXPERIAN, EQUIFAX, AND TRANSUNION'S DISPUTE <u>RESPONSES</u>

34.     In or around August 2021, Plaintiff obtained a copy of her consumer disclosure report from Experian, Equifax, and Transunion in order to apply for a home mortgage loan.

35.     Plaintiff noticed that Experian, Equifax, and Transunion were all reporting the Achieva Account with a balance of $8,339.

36.     As such, on or about August 13, 2021, Plaintiff, with the assistance of the undersigned counsel, sent a dispute letter (hereinafter, "First Dispute Letter") to Achieva, Experian, Equifax, and Transunion and informed them of the erroneous reporting.  A true and correct copy of the First Dispute Letter is attached as **Exhibit B.**

37.     Achieva, Experian, Equifax, and Transunion each received Plaintiff's First Dispute Letter.

38.     On September 16, 2021, Experian responded to Plaintiff's First Dispute Letter and incorrectly verified the Account as $8,339 past due.  A true and correct copy of Experian's First Dispute Response is attached as **Exhibit C.**

39.     On August 24, 2021, Equifax responded to Plaintiff's First Dispute Letter and incorrectly verified the Account as $8,339 past due.  A true and correct copy of Equifax's First Dispute Response is attached as **Exhibit D.**

40.     On August 21, 2021, Transunion responded to Plaintiff's First Dispute Letter and incorrectly verified the Account as $8,339 past due.  A true and correct copy of Transunion's First Dispute Response is attached as **Exhibit E.**

41.     On September 27, 2021, Plaintiff sent a second dispute letter to Achieva, Experian, Equifax, and Transunion.

42.     As a result, the credit reporting was fixed in response to Plaintiff's second dispute letter.

## **DAMAGES**

43.     Plaintiff retained Swift, Isringhaus & Dubbeld, P.A. for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

44.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Achieva, Experian, Equifax, and Transunion.

45.     As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer

reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

46.     Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Achieva that she did not owe the Debt, including supplying Defendants with supporting documentation, Plaintiff must simply endure Defendants' reporting of the Account.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**(As to Achieva Only)**

Plaintiff re-alleges paragraphs one (1) through forty-six (46) as if fully restated herein and further states as follows:

47.     Achieva is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian, Equifax, and TransUnion delete the Account from Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

48.     As described above, Plaintiff is not personally liable for the Alleged Debt because she entered into a Settlement Agreement with Achieva in which

Achieva agreed to waive the Debt.

49.     Despite receiving notice of Plaintiff's disputes from Plaintiff, Experian, Equifax, and TransUnion—including the information and documents referenced in the above paragraph—Achieva willfully and/or negligently failed to request that Experian, Equifax, and TransUnion delete the tradeline associated with the Account and continued to report derogatory, late payment information to Experian, Equifax, and TransUnion including significant balances due, and as significantly past-due.

50.     Rather than delete its reporting of the Account after receiving notice of Plaintiff's repeated disputes, Achieva inaccurately "verified" or "updated" its derogatory reporting of the Account which ultimately reflected negatively and adversely on Plaintiff's credit reports and credit files as maintained by Experian, Equifax, and TransUnion.

51.     Achieva's refusal to request that Experian, Equifax, and TransUnion delete the tradeline associated with the Account was intentionally, willfully, and knowingly done as Achieva clearly possessed knowledge that the Account was not owed.

52.     Achieva's re-investigations were not conducted in good faith.

53.     ACHIEVA's re-investigations were not conducted reasonably.

54.     ACHIEVA's re-investigations were not conducted using all information and documents reasonably available to ACHIEVA.

12

55.     As a result of ACHIEVA's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

56.     ACHIEVA's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

57.     ACHIEVA's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**

Plaintiff re-alleges paragraphs one (1) through forty-six (46) as if fully restated herein and further states as follows:

13

58.     Experian, Equifax, and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

59.     Experian, Equifax, and TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

60.     Specifically, despite Plaintiff *repeatedly* advising Experian, Equifax, and TransUnion that she did not owe the Debt—Experian, Equifax, and TransUnion each continued to report the Account with a balance due, with a balance past-due, resulting in the Account being reported as a derogatory, negative, or adverse account in Plaintiff's credit reports and credit files.

61.     Further, Experian, Equifax, and TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in her Experian, Equifax, and TransUnion credit reports and credit file.

62.     Such reporting of the Account is false and evidences Experian's, Equifax's, and TransUnion's failure to establish or follow reasonable procedures to

14

assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

63.     As a result of Experian's, Equifax's, and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

64.     Experian's, Equifax's, and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

65.     Experian's, Equifax's, and TransUnion's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

### COUNT THREE:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)

Plaintiff re-alleges paragraphs one (1) through forty-six (46) as if fully restated herein and further states as follows:

66.     Experian, Equifax, and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files.

67.     Specifically, Experian, Equifax, and TransUnion each willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

68.     Overall, Plaintiff's Disputes provided Experian, Equifax, and TransUnion with sufficient information allowing Experian, Equifax, and TransUnion to identify that the Account was not owed, and therefore, should be deleted and removed from Plaintiff's credit reports and credit file as maintained by Experian, Equifax, and TransUnion.

69.     Experian, Equifax, and TransUnion did not request any documents from ACHIEVA corroborating information furnished and verified by ACHIEVA to Experian, Equifax, and TransUnion regarding Plaintiff and the Account in response to any of Plaintiff's Disputes.

70.     As such, Experian's, Equifax's, and TransUnion's re-investigations

16

were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and each failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

71.    Such reporting is false and evidences Experian's, Equifax's, and TransUnion's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

72.    Experian's, Equifax's, and TransUnion's reinvestigations of Plaintiff's disputes were not conducted reasonably.

73.    Experian's, Equifax's, and TransUnion's reinvestigations merely copied and relied upon the inaccurate Account information conveyed by ACHIEVA.

74.    Experian's, Equifax's, and TransUnion's reinvestigations of Plaintiff's disputes were not conducted in good faith.

75.    Experian's, Equifax's, and TransUnion's reinvestigation procedures are unreasonable.

76.    Experian's, Equifax's, and TransUnion's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian, Equifax, and TransUnion.

77.    Experian's, Equifax's, and TransUnion's reinvestigations were *per se* deficient by reason of these failures in Experian's, Equifax's, and TransUnion's reinvestigations of Plaintiff's disputes and the Account.

78.    As a result of Experian's, Equifax's, and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

79.    Experian's, Equifax's, and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

80.    Experian's, Equifax's, and TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FOUR:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)**

Plaintiff re-alleges paragraph one (1) through forty-six (46) as if fully restated

herein and further states as follows:

81.    Experian, Equifax, and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments.

82.    Experian's, Equifax's, and TransUnion's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

83.    As a result of Experian's, Equifax's, and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

84.    Experian's, Equifax's, and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

85.    Experian's, Equifax's, and TransUnion's actions in violation of 15

United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FIVE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)</u>**

Plaintiff re-alleges paragraphs one (1) through forty-six () as if fully restated herein and further states as follows:

86.    Experian, Equifax, and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

87.    Specifically, despite Experian, Equifax, and TransUnion receiving Plaintiff's Disputes—which proved she did not owe the Debt—neither Experian, Equifax, nor TransUnion deleted the Account from Plaintiff's credit reports and credit files.

88.    Instead, Experian, Equifax, and TransUnion continued to report the Account in Plaintiff's credit reports and files as belonging to Plaintiff with a significant balance due as well as derogatory, late payment information regarding the Account.

89.   As a result of Experian's, Equifax's, and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

90.   Experian's, Equifax's, and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

91.   Experian's, Equifax's, and TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a. Judgment against ACHIEVA, Experian, Equifax, and Transunion for maximum statutory damages for violations of the FCRA;

b. Actual damages in an amount to be determined at trial;

c. Compensatory damages in an amount to be determined at trial;

d. Punitive damages in an amount to be determined at trial;

e. An award of attorney's fees and costs; and

f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD P.A.**

/s/ *Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com

22

jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*